Gary Jay Kaufman, Esq. (State Bar No. 92759)
gary@kaufmanlawgroupla.com
Colin Hardacre, Esq. (State Bar No. 250915)
colin@kaufmanlawgroupla.com
THE KAUFMAN LAW GROUP
1901 Avenue of the Stars, Suite 1010
Los Angeles, California 90067
Telephone: (310) 286-2202
Facsimile: (310) 712-0023

Attorneys for Plaintiff,
Deniro Marketing LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIRO MARKETING LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE CARPER, an individual and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **EDCV13-0120 TJH (OPx)**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Complaint for Declaratory Judgment - 1

Deniro Marketing LLC ("Deniro") by and through its counsel, The Kaufman Law Group, alleges and avers the following for its complaint against Jamie Carper ("Carper") as follows:

## I. INTRODUCTION

Carper wants to get rich because he received email advertisements. Carper has not been tricked. He has not relied on any statements to his detriment. He has not been damaged in any way. Yet, Carper has demanded that Deniro pay him hundreds of thousands of dollars. The purported basis for Carper's demand is that he has received, and continues to receive, advertising emails from Deniro and its affiliates that do not comply with California state law or federal law.

However, Carper has no standing to make claims under federal law, specifically the CAN-SPAM Act of 2003, 15 U.S.C. § 7701, *et seq.* ("CAN-SPAM"), and CAN-SPAM also preempts his state law claims. Furthermore, even if Carper's claims are not preempted, Deniro contends that it has not sent or advertised in, and does not send or advertise in, email that violates state law or federal law. Therefore, Deniro asks this Court for a declaratory judgment that Carper does not have standing to assert claims under CAN-SPAM, that his state law claims are preempted by CAN-SPAM and that the emails he claims to have received do not violate state law or federal law.

## II. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 28 U.S.C. § 2201. Deniro seeks a declaration from this Court that Carper has no standing to bring claims under CAN-SPAM, that his state law claims are preempted by CAN-SPAM and that the emails that form the basis for Carper's alleged claims against Deniro do not violate state law or federal law.

**A. Parties**

2. Deniro is a California limited liability company, with its principal place of business in Stockton, California.

3.  Deniro is informed and believes that Carper is an individual residing in California and within this judicial district.

4.  Defendants DOES 1 through 10 are sued herein by their fictitious names for the reason that their true names are unknown. Deniro will seek leave to amend this complaint to allege such true names when the same are ascertained. Deniro is informed and believes that these fictitiously named defendants are responsible as agents, principals, alter egos, co-conspirators or otherwise for the acts alleged herein.

### III. FACTS

5.  Carper is an opportunistic spam plaintiff. Deniro is informed and believes that Carper has set up multiple personal email addresses solely for the purposes of receiving spam email. These email addresses generally consist of Carper's full name and a series of three random numbers.

6.  Carper is not an Internet Service Provider (ISP) and does not otherwise have standing to make claims under CAN-SPAM.

7.  In or about August 2012, Carper, through his attorney, claimed that he received 309 emails advertising Deniro's services and that those emails contained misrepresented information in the headers and that the subject lines were also misleading (the "Subject Emails"). Deniro is informed and believes that Carper has made similar claims against other companies for receipt of advertising emails, through this same attorney.

8.  Carper does not allege that he relied on any statements in the Subject Emails, nor does he allege that he was misled or suffered any damages as a result of the Subject Emails.

9.  Yet, Carper's letter demanded that Deniro pay him $232,000 under threat of litigation where Carper would seek statutory damages of $1,000 per email received.

10. Carper has since claimed receipt of additional spam emails and has maintained his position that the Subject Emails, and the additional emails, violate state

///

law and federal law. Carper has also continued to demand that Deniro pay him $232,000.

11. CAN-SPAM expressly preempts all state laws related to spam e-mail, except to the extent that state law "prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1).

12. As the United States District Court for the Northern District of California recently recognized in dismissing substantially similar claims in *Davison Design & Development, Inc., et al. v. Cathy Riley, et al.*, Northern District Case No. C 11-2970 PJH:

> the Ninth Circuit considered the scope of this preemption exception in *Gordon v. Virtumundo,* 575 F.3d 1040 (9th Cir. 2009). In *Gordon*, the Ninth Circuit held that "the express language of § 7707 demonstrated that Congress' intent that the CAN-SPAM Act broadly preempt state regulation of commercial email with limited, narrow exception,' and further held that "the exception language read as Congress intended, refers to 'traditionally tortious or wrongful conduct.'" *Id.* at 1061-62. (*See* ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS, attached hereto as Exhibit A).

13. Carper's claims against Deniro do not sound in tort. Thus, consistent with the Ninth Circuit's holding, all of Carpers claims against Deniro are preempted by CAN-SPAM.

14. Furthermore, even if Carper's claims were not preempted by CAN-SPAM, the Subject Emails do not violate state law or federal law.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT
### (Against all Defendants)

15. Deniro hereby incorporates paragraphs 1 through 14 as if fully set forth herein.

16. An actual controversy has arisen and now exists between Deniro and Carper concerning their respective rights and duties, in that Carper contends that Deniro

is liable for violations of state and/or federal law and Deniro disputes that allegation and contends that:

    a. The Subject Emails do not violate California state law, including without limitation, Cal. Bus. & Prof. Code §17529.5;

    b. The Subject Emails do not violate federal law;

    c. Carper's claims do not sound in tort as Carper did not rely to his detriment on any statements contained within the Subject Emails and has not suffered any damages;

    d. Carper's claims are preempted by CAN-SPAM; and

    e. Carper has no standing to pursue relief under CAN-SPAM.

17. Deniro desires a judicial determination of its rights and duties, and a declaration reflecting paragraphs a-e above.

18. A judicial declaration is necessary and appropriate at this time under the circumstances.

## IV. RELIEF REQUESTED

WHEREFORE, Deniro requests that the Court enter a declaratory judgment against Defendants as follows:

1. That Carper's claims are preempted by CAN-SPAM;

2. That Carper has no standing to pursue his claims under either state law or federal law;

3. That Deniro has not violated California state law or federal law;

4. That the Court award Deniro its costs and attorneys' fees; and

///
///
///
///
///
///

5. That the Court grant Deniro such other and further relief as the Court deems just and proper.

DATED:  January 18, 2013

THE KAUFMAN LAW GROUP

By: _____
Gary Jay Kaufman
Attorneys for Plaintiff
Deniro Marketing LLC

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVISON DESIGN & DEVELOPMENT INC., et al.,

    Plaintiff(s),

v.

CATHY RILEY, et al.,

    Defendant(s).

No. C 11-2970 PJH

**ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS**

    Counter-claimant Cathy Riley's motion to strike counter-defendant Spark Networks USA, LLC's first amended answer came on for hearing on September 12, 2012. Counter-claimant Cathy Riley ("Riley") appeared through her counsel, Daniel Balsam. Counter-defendant Spark Networks USA, LLC ("Spark Networks") appeared through its counsel, Victor Fu. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES Riley's motion, for the reasons stated at the hearing and as follows:

    An affirmative defense can be struck if it does not provide the adverse party with "fair notice" of the nature of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." Solis v. Zenith Capital, LLC, 2009 WL 1324051 *2 (N.D. Cal. May 8, 2009). However, in this case, Spark Networks does allege sufficient facts to provide Riley with the required "fair notice." Even under the heightened pleading standards articulated in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S.

1  662 (2009), Spark Network's affirmative defenses are sufficient. Thus, Riley's motion to
2  strike is DENIED.
3        Also on for hearing was a motion to dismiss Riley's second amended counter-
4  claims, filed by counter-defendants Caivis Acquisition Corp. II, Caivis Acquisition Corp. III,
5  Digital Publishing Corp., XL Marketing Corp., Spire Vision LLC, Spire Vision Holdings,
6  Proadvertisers LLC, Prime Advertisers LLC, MediActivate LLC, Serve Clicks LLC,
7  Connection Centrals, SilverInteractive, Opportunity Central, Davison Design &
8  Development Inc, and Ward Media Inc. (together, the "moving counter-defendants").
9  Counter-defendants GMB Direct, Inc. and Spark Networks also join in the moving counter-
10 defendants' motion to dismiss. The moving counter-defendants appeared through their
11 counsel, Leeor Neta. Riley appeared through her counsel, Daniel Balsam. Having read
12 the papers filed in conjunction with the motion and carefully considered the arguments and
13 the relevant legal authority, and good cause appearing, the court hereby GRANTS the
14 moving counter-defendants' motion to dismiss, for the reasons stated at the hearing and as
15 follows:
16       The moving counter-defendants note that the federal CAN-SPAM Act expressly
17 preempts all state laws related to spam e-mail, except to the extent that a state law
18 "prohibits falsity or deception in any portion of a commercial electronic mail message or
19 information attached thereto." 15 U.S.C. § 7707(b)(1). The Ninth Circuit considered the
20 scope of this preemption exception in Gordon v. Virtumundo, 575 F.3d 1040 (9th Cir.
21 2009). In Gordon, the Ninth Circuit held that "the express language of § 7707
22 demonstrated Congress's intent that the CAN-SPAM Act broadly preempt state regulation
23 of commercial e-mail with limited, narrow exception," and further held that "the exception
24 language, read as Congress intended, refers to 'traditionally tortious or wrongful conduct.'"
25 Id. at 1061-62. Thus, consistent with the Ninth Circuit's holding, the court finds that Riley's
26 counter-claims do not sound in tort, and thus are preempted by the federal CAN-SPAM Act.
27 Accordingly, Riley's counter-claims are DISMISSED with prejudice.
28

**IT IS SO ORDERED.**

Dated: September 13, 2012

PHYLLIS J. HAMILTON
United States District Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Terry J. Hatter and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 120 TJH (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

| | |
|---|---|
| Name & Address: Gary Jay Kaufman, Esq. (State Bar No. 92759) gary@kaufmanlawgroupla.com<br>THE KAUFMAN LAW GROUP<br>1901 Avenue of the Stars, Suite 1010<br>Los Angeles, CA 90067<br>Phone: 310-286-2202; Fax: 310-712-0023 | |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENIRO MARKETING LLC, a California limited liability company,<br><br>                                                PLAINTIFF(S)<br>             v.<br>JAMIE CARPER, an individual and DOES 1-10, inclusive,<br><br>                                                DEFENDANT(S). | CASE NUMBER<br><br>**EDCV13-0120 TJH (OPx)**<br><br><br>**SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Gary Jay Kaufman_____, whose address is _1901 Avenue of the Stars, Suite 1010, Los Angeles, California 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 1 8 2013

By: _____
         Deputy Clerk
       (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                                       SUMMONS

Name & Address: Gary Jay Kaufman, Esq. (State Bar No. 92759) gary@kaufmanlawgroupla.com
THE KAUFMAN LAW GROUP
1901 Avenue of the Stars, Suite 1010
Los Angeles, CA 90067
Phone: 310-286-2202; Fax: 310-712-0023

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIRO MARKETING LLC, a California limited liability company,<br><br>PLAINTIFF(S)<br>v.<br>JAMIE CARPER, an individual and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>EDCV13-0120 TJH (OPx)<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Gary Jay Kaufman_____, whose address is _1901 Avenue of the Stars, Suite 1010, Los Angeles, California 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 1 8 2013      By: _JULIE PRADO_
                                Deputy Clerk

                                (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DENIRO MARKETING LLC, a California limited liability company

**DEFENDANTS**
JAMIE CARPER, an individual and DOES 1-10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gary Jay Kaufman, Esq., THE KAUFMAN LAW GROUP
1901 Avenue of the Stars, Suite 1010
Los Angeles, CA 90067 (310) 286-2202

**Attorneys (If Known)**
Daniel Balsam, Law Offices of Daniel Balsam
2912 Diamond St. # 218,
San Francisco, CA 94131
(415) 869-2873

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 7701, et seq.; 28 U.S.C. Section 2201 - Declaratory judgment that defendant has no standing and his claims are preempted by federal law.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**EDCV13-0120**

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)             CIVIL COVER SHEET            Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Joaquin County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Joaquin County |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date January 18, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |