1  Daniel L. Balsam (State Bar No. 260423)
   THE LAW OFFICES OF DANIEL BALSAM
2  2912 Diamond Street #218
   San Francisco, CA 94131
3  Tel. & Fax: (415) 869-2873

4  Attorneys for Defendant
   JAMIE CARPER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES – SPRING STREET)

| | |
|---|---|
| DENIRO MARKETING LLC, a California limited liability company, | Case No.    5:13-cv-00120-TJH(OPx) |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** |
| v. | |
| JAMIE CARPER, an individual, and DOES 1-10, inclusive, | **FRCP 12(b)(1), 12(b)(6), 12(b)(5)** |
| Defendant. | Date:         April 15, 2013<br>Time:         Under Submission<br>Courtroom: 17, Spring Street Level |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

 PLEASE TAKE NOTICE that on April 15, 2013, in Courtroom 17 on the Spring Street Level of the U.S. District Court located at 312 North Spring Street, Los Angeles, California 90012, Defendant Jamie Carper will and hereby does move to dismiss the Action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), 12(b)(6) (failure to state a claim), and 12(b)(5) (insufficient service of process).

**1**

*Rule 12(b)(1) and 12(b)(6)*

It is well established that the plaintiff is the "master of the complaint"; if a plaintiff sues under state law and not federal law, there can be no federal question jurisdiction, even if the defendant has an affirmative defense of federal preemption. Declaratory relief actions are procedural; they do not create an independent basis for federal jurisdiction. Therefore, in a declaratory relief action filed by the "true defendant," the threatened action by the "true plaintiff" determines federal question jurisdiction.

Here, Carper threatened to sue Plaintiff Deniro Marketing LLC ("Deniro") *only* for violations of California law, not federal law. Deniro's defense of federal preemption does not create federal question jurisdiction. Because this Court has no jurisdiction – federal question or diversity – Deniro failed to state a claim.

*Rule 12(b)(5)*

Attorneys for Plaintiff Deniro Marketing LLC's ("Deniro") filed their process server's Proof of Service ("POS") that facially demonstrates that Deniro *did* not serve Carper with the summons and complaint n this Action.

The Motion will be based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Declarations of Daniel Balsam, Jamie Carper, Steve Carper, and Shelly Carper; oral argument; the pleadings in the action; and all other matters as may properly be considered.

|  |  |
|---|---|
|  | THE LAW OFFICES OF DANIEL BALSAM |
| Dated:      March 11, 2013 | /s/ Daniel L. Balsam |
|  | Daniel L. Balsam |
|  | Attorney for Defendant Jamie Carper |

**2**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
Tel. & Fax: (415) 869-2873

Attorneys for Defendant
JAMIE CARPER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES – SPRING STREET)

| | |
|---|---|
| DENIRO MARKETING LLC, a California limited liability company,<br><br>              Plaintiff,<br><br>    v.<br><br>JAMIE CARPER, an individual, and DOES 1-10, inclusive,<br><br>              Defendant. | Case No.     5:13-cv-00120-TJH(OPx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>**FRCP 12(b)(1), 12(b)(6), 12(b)(5)**<br><br>Date:         April 15, 2013<br>Time:        Under Submission<br>Courtroom: 17, Spring Street Level |

[caption only]

i

**TABLE OF CONTENTS**

**Page**

Table of Contents ...................................................................................................... ii

Table of Authorities ................................................................................................. iv

I.    INTRODUCTION ............................................................................................1

II.   STATEMENT OF FACTS ..............................................................................2

III.  LEGAL STANDARDS ....................................................................................5

    A. The "Well-Pleaded Complaint" Rule States That the Complaint – Not the Answer or Affirmative Defenses – Determines Federal Question Jurisdiction ...........................................................................................5

    B. The Declaratory Judgment Act is Procedural; It Does Not Provide an Independent Basis for Federal Question Jurisdiction ......................................6

    C. In a Declaratory Relief Action, the Threatened Action Determines Federal Question Jurisdiction ...............................................................................7

    D. Rules for Service of Process ......................................................................8

IV.  DISCUSSION ....................................................................................................8

    A. Background to the Dispute ........................................................................8

    B. This Federal Court Does Not Have Federal Question Jurisdiction .............9

    C. Deniro Did Not Properly Serve Carper .....................................................11

V.   CONCLUSION ................................................................................................12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

1 **TABLE OF AUTHORITIES**

2                                                                                                                                **Page**

3 **Federal Cases**

*Asis Internet Services v. Member Source Media LLC*,
   No. C-08-1321 EMC, 2010 U.S. Dist. LEXIS 47865 (N.D. Cal. Apr. 20,
   2010) (order re: cross-briefs re: preemption)......................................................................3

*Asis v. SubscriberBase*,
   No. 09-3503 SC, 2009 U.S. Dist. LEXIS 112852 (N. D. Cal. Dec. 4, 2009)
   (order granting defendants' motion to dismiss)...................................................................3

*Badella v. Deniro Marketing LLC et al*,
   No. C 10-03908 (CRB) (N.D. Cal. filed Aug. 31, 2010)......................................................2

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987)........................................................................................................6, 10

*Davison Design & Development Inc. et al v. Riley*,
   No. 4:11-cv-02970 (N.D. Cal. Sep. 13, 2012) (ruling on Riley's counter-
   claims)................................................................................................................................3, 9

*Fiedler v. Clark*,
   714 F.2d 77 (9th Cir. 1983) ..................................................................................................7

*Hoang v. Reunion.com Inc.*,
   No. C-08-3518 MMC, 2010 U.S. Dist. LEXIS 34466 (N.D. Cal. Mar. 31,
   2010) (order . . . denying defendants' motion to dismiss first amended
   complaint) ............................................................................................................................3

*Holcomb v. Bingham Toyota*,
   871 F.2d 109 (9th Cir. 1989) ..............................................................................................11

*Jackson v. Hayakawa*,
   682 F.2d 1344 (9th Cir. 1982) ............................................................................................11

*Morongo Band of Mission Indians v. California State Board of Equalization*,
   858 F.2d 1376 (9th Cir. 1988) ..............................................................................................8

*Phillips Petroleum Co. v. Texaco Inc.*,
   415 U.S. 125 (1974)..............................................................................................................6

*Public Service Commission of Utah v. Wycoff Company Inc.*,
   344 U.S. 237 (1952)........................................................................................................7, 10

*Taylor v. Anderson*,
   234 U.S. 74 (1914)................................................................................................................6

*Thongnoppakun v. American Express Bank*,
   No. 2:11-cv-08063-ODW (MANx), 2012 U.S. Dist. LEXIS 42943 (C.D.
   Cal. Mar. 26, 2012) ............................................................................................................11

*Vaden v. Discover Bank*,
   556 U.S. 49 (2009)..........................................................................................................7, 10

*Verisign Inc. v. Internet Corporation for Assigned Names and Numbers*,
   No. CV 04-1292 AHM (CTx), 2004 U.S. Dist. LEXIS 17330 at *27 (C.D.
   Cal. Aug. 26, 2004)..........................................................................................................7, 8

*Williams v. Caterpillar Inc.*,
   786 F.2d 928 (9th Cir. 1986) ..............................................................................................11

**TABLE OF AUTHORITIES (cont.)**

Page

**California Cases**

*Balsam v. Trancos Inc. et al,*
    203 Cal. App. 4th 1083 (1st Dist. 2012) ........................................................................... 10

*Hypertouch Inc. v. ValueClick Inc.*,
    192 Cal. App. 4th 805 (2d Dist. 2011) ............................................................................. 10

*Silverstein v. Deniro Marketing LLC et al*,
    No. BC382834 (Super. Ct. Cal. Cty. of Los Angeles filed Dec. 21, 2007) ........................ 2

**Federal Statutes and Reports**

15 U.S.C. § 7701 *et seq*., (CAN-SPAM Act) ........................................................... *passim*
28 U.S.C. § 1331 ................................................................................................................ 9
28 U.S.C. § 2201 (Declaratory Judgment Act) .................................................................. 6
Fed. R. Civ. Proc. 4(e) ....................................................................................................... 8
Fed. R. Civ. Proc. 12(b) ............................................................................................ *passim*

**California Statutes, Bills, Rules, and Legislative Opinions**

Cal. Bus. & Prof. Code §§ 17529, 17529.5 ............................................................. *passim*
Cal. Code Civ. Proc. § 415.20 ........................................................................................... 8

## I. INTRODUCTION

It is well established that the plaintiff is the "master of the complaint"; if a plaintiff sues under state law and not federal law, there can be no federal question jurisdiction, even if the defendant has an affirmative defense of federal preemption. Declaratory relief actions are procedural; they do not create an independent basis for federal jurisdiction. Therefore, in a declaratory relief action filed by the "true defendant," the threatened action by the "true plaintiff" determines federal question jurisdiction.

Here, Defendant Jamie Carper ("Carper") threatened to sue Plaintiff Deniro Marketing LLC ("Deniro") *only* for violations of California law, not federal law. Deniro's defense of federal preemption does not create federal question jurisdiction. Because this Court has no jurisdiction – federal question or diversity – Deniro failed to state a claim.

Since this Court has no subject matter jurisdiction, *see* FRCP 12(b)(1), Deniro also failed to state a claim against Carper, *see* FRCP 12(b)(6).

Separately, Deniro's process server's Proof of Service ("POS") facially demonstrates that Deniro *did* not properly serve Carper because he did not serve (or substitute-serve) Carper at his home address, last known mailing address, or usual mailing address. Service of process is insufficient. *See* FRCP 12(b)(5). Moreover, the POS is not signed under penalty of perjury under the laws of the United States of America, as is required in this federal court.

The dispute between California Parties for alleged violations of California law should be resolved in a California court. Accordingly, this Court should dismiss Deniro's federal Action for declaratory relief with prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

## II. STATEMENT OF FACTS

Deniro has been advertising its "adult dating" websites – *AmateurMatch.com*, *XXXDating.com*, *AdsForSex.com*, *SpeedBoink.com*, and others – for years.  Deniro has been sued on at least two occasions for unlawful spamming – *Badella v. Deniro Marketing LLC et al*, No. C 10-03908 (CRB) in the Northern District of California (filed Aug. 31, 2010) and *Silverstein v. Deniro Marketing LLC et al*, No. BC382834 in the Superior Court of California, County of Los Angeles (filed Dec. 21, 2007).  Declaration of Daniel Balsam ("Balsam Decl.") at ¶ 3 and Ex. A.

Carper received more than 400 spams advertising Deniro's websites from May-September 2012.  Declaration of Jamie Carper ("Carper Decl.") at ¶ 2.

Carper has not set up multiple personal email addresses solely for the purpose of receiving spam emails.  *Id*. at ¶ 3.

Carper is not an Internet Service Provider.  *Id*. at ¶ 4.

Carper – through his attorney Daniel Balsam ("Balsam") – offered Deniro the opportunity to settle its alleged liability to Carper for advertising in hundreds of spams that he received that violated Cal. Business & Professions Code § 17529.5.  *Id*. at ¶ 5, Balsam Decl. at ¶ 4.

Carper never threatened to sue Deniro or anyone else for violations of the federal CAN-SPAM Act, and Carper never actually sued Deniro or anyone else for violations of the federal CAN-SPAM Act.  Carper Decl. at ¶ 6.

Carper's attorney Balsam never threatened to sue Deniro or anyone else for violations of the federal CAN-SPAM Act, and Balsam never actually sued Deniro or anyone else for violations of the federal CAN-SPAM Act.  Balsam Decl. at ¶ 5.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

On September 13, 2012, Judge Phyllis Hamilton ruled in the matter of *Davison Design & Development Inc. et al v. Riley*, No. 4:11-cv-02970 (N.D. Cal.) (also a declaratory relief action) that Riley's counter-claims for violations of Cal. Business & Professions Code § 17529.5 were preempted.  However, Deniro neglects to mention that on January 16, 2013, Judge Hamilton denied plaintiffs' motion for summary judgment *and* partially reversed her previous order when she orally stated that Riley's counter-claims were *not* entirely preempted, and that she would allow Riley to reinstate some of her claims that were previously dismissed.  Judge Hamilton has not yet issued a written order.  Balsam Decl. at ¶ 6.  Moreover, three other District Courts from the Northern District of California all ruled that Section 17529.5 is *not* preempted.[1]

Carper was negotiating with Deniro in good faith when Deniro abruptly terminated negotiations.  Deniro first sued Carper in the Northern District of California for declaratory relief on September 25, 2012, apparently believing that he resided in San Francisco.  Deniro subsequently dismissed the Northern District action and filed the instant, essentially identical, Action in the Central District on January 18, 2013.  *Id*. at ¶ 7.

Deniro's process server, Jeffery G. Dunn Sr. ("Dunn") of Bosco Legal Services, prepared a POS claiming substitute service on Carper, which Deniro's attorneys filed (Docket #5).  *Id*. at ¶ 8 and Ex. C.

---

[1] *Asis Internet Services v. Member Source Media LLC*, No. C-08-1321 EMC, 2010 U.S. Dist. LEXIS 47865 (N.D. Cal. Apr. 20, 2010) (order re: cross-briefs re: preemption); *Asis v. SubscriberBase,* No. 09-3503 SC, 2009 U.S. Dist. LEXIS 112852 (N. D. Cal. Dec. 4, 2009) (order granting defendants' motion to dismiss); *Hoang v. Reunion.com Inc.*, No. C-08-3518 MMC, 2010 U.S. Dist. LEXIS 34466 (N.D. Cal. Mar. 31, 2010) (order . . . denying defendants' motion to dismiss first amended complaint).

1       Carper's home address is 17365 Owen Street, Fontana, CA 92335.  Declaration of Jamie
2 Carper ("Jamie Decl.") at ¶ 2, Declaration of Steve Carper ("Steve Decl.") at ¶ 2, Declaration of
3 Shelly Carper ("Shelly Decl.") at ¶ 2.
4       The POS acknowledges that 17365 Owen Street, Fontana, CA 92335 is Carper's home
5 address.  Balsam Decl. at ¶ 8 and Ex. B.
6       Nevertheless, the POS refers to 10766 Edgewood Court, Rancho Cucamonga, CA 91730
7 as Carper's "usual" address.  *Id.*
8       Carper briefly lived at the Rancho Cucamonga address with his parents, but moved out
9 two years ago in March 2011.  Jamie Decl. at ¶ 8, Steve Decl. at ¶ 3, Shelly Decl. at ¶ 3.
10       The POS states that Dunn spoke with Steve Carper, Carper's father, on Friday, January
11 18, 2013 at 7:20 pm at the Rancho Cucamonga address, and that Steve Carper said that Carper
12 was not "home" and that Carper "only stayed at this [Rancho Cucamonga] address sometimes."
13 Balsam Decl. at ¶ 8 and Ex. B.
14       Steve Carper did not speak to Dunn on Friday, January 18 at 7:20 pm at the Rancho
15 Cucamonga address.  He was asleep on that day/time before going to work.  Steve Decl. at ¶ 4,
16 Shelly Decl. at ¶ 4.
17       *If* Dunn had spoken to Steve Carper on January 18 at 7:20 pm (or any other day/time),
18 Steve Carper would not have said that Carper lived there, nor would he have said that the Rancho
19 Cucamonga address was Carper's "usual address" because Carper has not lived at that address
20 for two years, nor would he have said that Carper "only stayed at this address sometimes"
21 because Carper visits but does not live or stay at the Rancho Cucamonga address.  Steve Decl. at
22 ¶¶ 3, 5, Shelly Decl. at ¶¶ 3, 5, Jamie Decl. at ¶¶ 8-9.
23
24

**4**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

1    The POS claims that Dunn spoke to Steve Carper on Sunday, January 20 at 12:32 pm and
2  that Steve Carper said Carper was not available to accept service.  Balsam Decl. at ¶ 8 and Ex. B.
3  This statement is both false and true.  False, because Steve Carper did *not* say that Carper was
4  not available *to accept service* because Dunn did not identify himself as a process server and did
5  not inform Steve Carper of the nature of the documents.  True, because Carper was not actually
6  available to accept service at the Rancho Cucamonga address because Carper does not live at the
7  Rancho Cucamonga address.  Jamie Decl. at ¶¶ 7-9, Steve Decl. at ¶¶ 2-3 and 6, Shelly Decl. at
8  ¶¶ 2-3.

9    The POS claims that Dunn mailed a copy of the summons, complaint, etc. to Carper on
10 January 22, 2013 to the Rancho Cucamonga address.  Balsam Decl. at ¶ 8 and Ex. B.

11   However, Carper does not live at the Rancho Cucamonga address, nor is it his usual place
12 of mailing.  Jamie Decl. at ¶¶ 7-9, Steve Decl. at ¶¶ 2-3, Shelly Decl. at ¶¶ 2-3.

13   When Carper (and other plaintiffs) sued Deniro (and other defendants) – *Barrett et al v.*
14 *Various Inc. et al*, No. 113CV240348 (Super. Ct. Cal. Cty. of Santa Clara filed Jan. 28, 2013) –
15 they sued *only* for violations of Cal. Business & Professions Code § 17529.5.  Balsam Decl. at
16 ¶ 9 and Ex. C.

17   Although Deniro filed this Action 10 days before Carper filed the state court action on
18 January 28, 2013, Carper served Deniro with the state court action first, on February 4.  *Id*. at
19 ¶ 10.  In fact, Deniro has still not served (or substitute-served) Carper with the Summons and
20 Complaint in this Action.  Jamie Decl. at ¶ 10.

21   Carper's attorney Balsam only discovered that Deniro's attorneys filed the POS (Docket
22 #5) on March 4, 2013 when he looked up the case on PACER on his own initiative.  Balsam
23 Decl. at ¶ 11.

24

**5**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

## III.  LEGAL STANDARDS

**A.  The "Well-Pleaded Complaint" Rule States That the Complaint – Not the Answer or Affirmative Defenses – Determines Federal Question Jurisdiction**

The plaintiff is the "master of the complaint."  Only the plaintiff's complaint determines federal question jurisdiction, not the defendant's answer.

> Absent diversity of citizenship, federal-question jurisdiction is required.  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  [ ]  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute (now § 24, Judicial Code), must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).

In short, the federal question "must be disclosed upon the face of the complaint, unaided by the answer."  *Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127-28 (1974).  In fact, there is no federal question jurisdiction even if the answer "includ[es] the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar*, 482 U.S. at 393.

**B.  The Declaratory Judgment Act is Procedural; It Does Not Provide an Independent Basis for Federal Question Jurisdiction**

The Declaratory Judgment Act, 28 U.S.C. § 2201, allows prospective defendants to take the initiative and file suit without waiting for the prospective plaintiffs to initiate litigation.  However,

**6**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

> The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. [ ] It only permits the district court to adopt a specific remedy when jurisdiction [otherwise] exists.

*Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983). Thus, the Declaratory Judgment Act "is procedural only"; it "does not enlarge the jurisdiction of the federal courts." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009).

**C. <u>In a Declaratory Relief Action, the Threatened Action Determines Federal Question Jurisdiction</u>**

In declaratory relief actions, the parties' true roles are reversed. Therefore, the "Well-Pleaded Complaint" Rule means that the true plaintiff's threatened action determines federal question jurisdiction, not the true defendant's complaint seeking declaratory relief or its anticipated answer.

> In this case, as in many actions for declaratory judgment, the realistic position of the parties is reversed. The plaintiff is seeking to establish a defense against a cause of action which the declaratory defendant may assert in the Utah courts. Respondent here has sought to ward off possible action of the petitioners by seeking a declaratory judgment to the effect that he will have a good defense when and if that cause of action is asserted. Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.

*Public Service Commission of Utah v. Wycoff Company Inc.*, 344 U.S. 237, 248 (1952).

More concisely: "The test [for federal question jurisdiction] is whether *the underlying claim* that the defendant has threatened to pursue in litigation and that plaintiff seeks to avoid through a declaratory judgment *arises under federal law*." *Verisign Inc. v. Internet Corporation*

*for Assigned Names and Numbers*, No. CV 04-1292 AHM (CTx), 2004 U.S. Dist. LEXIS 17330 at *27 (C.D. Cal. Aug. 26, 2004) (emphasis added).

Therefore, in *Morongo Band of Mission Indians v. California State Board of Equalization*, a declaratory relief action, the Ninth Circuit held that

> The Band's likely federal-law defenses – sovereign immunity and lack of approval of the lease by the Secretary of the Interior – would not be part of Miller's well-pleaded complaint for breach of lease and, thus, would not support federal jurisdiction over Miller's state-law claim.

858 F.2d 1376, 1386 (9th Cir. 1988).

### D. Rules for Service of Process

FRCP 4(e) authorizes service of the summons and complaint by personal delivery or delivery to a person of suitable age and discretion *at the recipient's residence*.

Cal. Code of Civil Procedure § 415.20 authorizes substitute service in lieu of personal delivery by leaving a copy of the summons and complaint *at a person's office, residence, usual place of business, or usual mailing address* with a person apparently in charge or member of the household, *informing the recipient of the contents of the documents*, and then mailing a copy of the documents to the person to be served at the same address where the documents were left.

### IV. DISCUSSION

### A. Background to the Dispute

Deniro is a professional spammer; Deniro's misleading and sexually explicit spams have led to at least three lawsuits against it for violations of California Business & Professions Code § 17529.5.

Carper offered Deniro the opportunity to settle its statutory liability for advertising in hundreds of unlawful spams advertising Deniro's "adult dating" websites that Carper received. Carper was negotiating with Deniro in good faith when Deniro abruptly terminated negotiations

and, without notice, sued Carper in the Northern District of California, apparently believing that he resided in San Francisco. Deniro subsequently dismissed the Northern District action and filed the instant, essentially identical Action in the Central District. Both complaints improperly present inadmissible settlement communications.

Carper (and other plaintiffs) filed suit against Deniro (and other defendants) in the Superior Court of California, County of Santa Clara on January 28, 2013 for violations of Cal. Business & Professions Code § 17529.5.

**B.   This Federal Court Does Not Have Federal Question Jurisdiction**

Deniro knows it cannot sue Carper in federal court based on diversity jurisdiction, because both Parties are located in California. But Deniro prefers to bring this Action in federal court as it relies on the questionable authority of a recent unpublished order from a District Court in the Northern District of California, which stated that a spam recipient's claims under Cal. Business & Professions Code § 17529.5 are preempted by the federal CAN-SPAM Act.

Deniro seems to believe that Judge Hamilton's unpublished order in *Davison* (even ignoring for a moment the Judge's statement that she was at least partially reversing her prior order) is somehow authoritative as to this Court. But this Court is *not* bound by the ruling of another judge from the Northern District. In fact, if Deniro's implicit suggestion that one District Court's ruling is binding on another were correct, then Judge Hamilton and this Court would both be bound by the earlier rulings of at least three District Courts from the Northern District of California that all ruled that spam recipients' claims under Cal. Business & Professions Code § 17529.5 are *not* preempted by the federal CAN-SPAM Act.

In an attempt to litigate this matter in federal court, Deniro invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, an anticipated affirmative defense of

federal preemption is insufficient to confer federal court jurisdiction, and the fact that the Parties' expected roles are reversed in a declaratory relief action such as this one does not change the "Well-Pleaded Complaint" Rule.

The CAN-SPAM Act preempts state anti-spam laws "that expressly regulates the use of electronic mail to send commercial messages, *except* to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto."  15 U.S.C. § 7707(b)(1) (emphasis added).

Therefore, the CAN-SPAM Act arguably preempts *parts* of Cal. Business & Professions Code § 17529, by which California attempted to prohibit all spam – even truthful spams.  Parts, perhaps, but not all, because Section 17529.5 *only* prohibits falsified, misrepresented, forged, or misleading spams.  Therefore, Section 17529.5 is *not* preempted.  *See Hypertouch Inc. v. ValueClick Inc.*, 192 Cal. App. 4th 805, 825 (2d Dist. 2011); *Balsam v. Trancos Inc. et al,* 203 Cal. App. 4th 1083, 1102-03 (1st Dist. 2012).

Carper threatened to sue Deniro only for violations of California Business & Professions Code § 17529.5, not the *federal* CAN-Spam Act.  Indeed, when Carper did sue Deniro in state court, Carper relied exclusively on California law.  Carper's "Well-Pleaded Complaint" does not invoke federal law.  *Caterpillar, supra*.  The fact that the Parties' true roles are reversed in this declaratory relief action does not matter.  *Wycoff, supra.*  Deniro cannot manufacture an affirmative defense to a claim that Carper never threatened to bring (i.e., violations of the federal CAN-SPAM Act) in order to create federal question jurisdiction.  *Vaden, supra.*  Even assuming that federal preemption were a valid defense to Carper's state law claims notwithstanding *Hypertouch* and *Trancos*, that defense does not give rise to original federal question jurisdiction, removal jurisdiction, or – here – jurisdiction in a declaratory relief action.  *Caterpillar, supra*.

**10**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

1   This dispute does not fall into the "artful pleading" exception to the Well-Pleaded Complaint Rule because Carper does not actually raise essential federal questions while artfully framing his action in terms of state law. *See Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989).[2] Carper knows full well that that he cannot sue under the federal CAN-SPAM Act, because Congress granted standing only to ISPs, Attorneys General, and the Federal Trade Commission. *See* 15 U.S.C. § 7706.

Because this Court has no subject matter jurisdiction, *see* FRCP 12(b)(1), Deniro also failed to state a claim, *see* FRCP 12(b)(6).

### C. Deniro Did Not Properly Serve Carper

Although Deniro *filed* this Action before Carper filed his state court action, Carper *served* Deniro with the state court action first, on February 4, 2013. In fact, Deniro *still* has not served Carper with the Summons and Complaint in this Action.

Defendants must be properly served in accordance with FRCP 4 (or applicable state law); even actual notice is insufficient to comply with Rule 4 if there are defects in service. *See, e.g., Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982), *Thongnoppakun v. American Express Bank*, No. 2:11-cv-08063-ODW (MANx), 2012 U.S. Dist. LEXIS 42943 at *6-7 (C.D. Cal. Mar. 26, 2012).

Dunn knows that Carper lives at the Fontana address and not the Rancho Cucamonga address; the POS refers to the Fontana address as Carper's *home* address. Additionally, by Dunn's own admission on the POS, the Rancho Cucamonga address is not Carper's *last known* address; Fontana is.

---

[2] *See also Williams v. Caterpillar Inc.*, 786 F.2d 928, 937 (9th Cir. 1986) ("The 'artful pleading' doctrine does not operate to transform a federal defense into a ground for the exercise of federal jurisdiction. It serves only to clarify the true nature of the plaintiff's affirmative claim.")

**11**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Dunn never spoke with Carper's father Steve on Friday, January 20 at 7:20 pm at the Rancho Cucamonga address. He could not have done so, because Steve Carper was asleep at that time before going to work at midnight. But even if this Court were to believe Dunn's claim – that Steve Carper said that Carper only stays there *sometimes* – that statement does not give rise to the logical inference that the Rancho Cucamonga address is Carper's *usual* home or mailing address.

Therefore, leaving documents at and mailing documents to the Rancho Cucamonga is invalid service under federal *and* California law, because Carper does not live at the Rancho Cucamonga address, nor is it his last known or usual mailing address.

Service was also invalid because Dunn did not inform Steve Carper of the nature of the documents he was purporting to serve on Carper.

## V. CONCLUSION

Carper threatened to sue Deniro for violations of California law, not federal law. Deniro's anticipated affirmative defense of federal preemption – even when turned into a cause of action for declaratory relief – is insufficient to create federal question jurisdiction. Moreover, Deniro did not properly serve Carper, because it neither left copies nor mailed copies of the Summons and Complaint to Carper's home address.

For the reasons set forth herein, this Court should dismiss the Action with prejudice. Deniro will still have its day in court to litigate the underlying cause of action for violations of Cal. Business & Professions Code § 17529.5, but it should be in the state court action in which Deniro has already been served.

Dated:  March 11, 2013

THE LAW OFFICES OF DANIEL BALSAM
/s/ Daniel L. Balsam
Daniel L. Balsam
Attorney for Defendant Jamie Carper

**12**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT**