# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| DENIRO MARKETING, INC., | CV 13-00120 TJH (OPx) |
| Plaintiff, | |
| v. | |
| JAMIE CARPER, | Order [JS-6] |
| Defendant. | |

The Court has considered the Defendant's motion to dismiss, together with the moving and opposing papers.

The Declaratory Judgment Act provides that "in a case of actual controversy" a federal court may declare the rights of any interested party. 28 U.S.C. § 2201(a). The "actual controversy" requirement of the Act is the same as the "case or controversy" requirement of Article III of the United States Constitution. *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 942 (9th Cir. 1981). The Declaratory Judgment Act does not provide litigants with an independent jurisdictional basis for suits in a federal court. *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983). Thus, the Declaratory Judgment Act only permits the district court to adopt a specific remedy when jurisdiction exists. *Fiedler*, 714 F.2d at 79.

The Controlling the Assault of Non-Solicited Pornography and Marketing Act, 15 U.S.C. §§ 7701-7713 ("CAN-SPAM") provides limited private right of action to a "provider of Internet access service adversely affected by a violation of" certain provisions of the act. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1048 (9th Cir. 2009).

Plaintiff seeks declaratory relief from future suits brought by Defendant under CAN-SPAM. However, Defendant is not an internet service provider. Thus, neither the Declaratory Judgment Act nor the CAN-SPAM Act provide jurisdiction.

It is Ordered that the motion to dismiss be, and hereby is, Granted.

Date: December 3, 2013

_____
Terry J. Hatter, Jr.
Senior United States District Judge